**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

AFTAB AHMED KHAN
Reg. #09260-062
a/k/a Aftab Khan Ahmed                                                                                   PLAINTIFF

V.                                        2:09CV00077 BSM/JTR

UNITED STATES OF AMERICA                                                                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

-1-

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Aftab Ahmed Khan, who is in prison at the Adams County Correctional Center in Washington, Mississippi, has commenced this *pro se* action, under the Federal Tort Claims Act ("FTCA"), for a negligence claim that arose in 2007, while he was a prisoner in the Federal Correctional Center located in Forrest City, Arkansas ("FCC-FC"). *See* docket entry #2.

Defendant, United States of America, has filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #28, #31, and #32. Plaintiff has filed a Response, which includes his Statement of Disputed Facts and his sworn Declaration. *See* docket entry #39.

Before addressing the merits of the Motion, the Court will summarize the relevant, undisputed facts:

1. In November of 2007, Plaintiff was in general population at the FCC-FC's low

security building.  *See* docket entry #32, Ex. 1; docket entry #39.

    2.      On November 19, 2007, Officer D. Baker, and an unnamed officer, transported Plaintiff from that location to the Special Housing Unit ("SHU") in the adjacent medium security building, where Plaintiff would be held until a hearing could be held on pending disciplinary charge.[1]  *Id.*  The transportation required Plaintiff to walk across a parking lot that separated the two buildings.  *Id.*  Accordingly, Officer Baker placed Plaintiff in handcuffs and leg shackles.  *Id.*

    3.      While being transported, Plaintiff complained, on several occasions, that his leg shackles were on too tightly and "burrowing" into his skin.  *See* docket entry #39 at ¶ 6.  However, Officer Baker refused to loosen his shackles.  *Id.*

    4.      In his sworn Declaration, Plaintiff alleges that, as soon as he arrived at the SHU, he requested medical attention, but his request was denied.  *See* docket entry #39.  Plaintiff further contends that, seven days later, on November 26, 2007, a physician assistant examined and recorded his injuries, but did not provide him with any medical treatment.[2]  *Id.*  Accordingly to Plaintiff, he treated his leg pain by taking 400 mg to 800 mg of an unspecified pain killer that his roommate gave him.[3]  *Id.*

---

[1] Sometime prior to November 19, 2007, Plaintiff received a disciplinary charge for bribing a staff member.  *See* docket entry #39. The charges were later dismissed.  *Id.*

[2] Plaintiff's negligence claim is based *solely* on his allegation that Officer Baker fastened his leg shackles too tightly, and *not* any allegedly failure to provide him with medical care.  *See* docket entry #2.

[3] Plaintiff has not come forward with *any* medical records, sick call request, or grievances to substantiate his claims that he was injured by the allegedly negligent application of leg shackles or that he sought medical treatment for any such injuries.  Plaintiff claims that he was unable to do so because Defendant refused to provide him with any such documents during discovery.  *See* docket entry #39.  Although he had the opportunity and obligation to do so, Plaintiff did not file a Motion to Compel, or any other type of motion, raising this alleged discovery violation.

5.     In his sworn Declaration, Dr. Matos, who is the Clinical Director at the FCC-FC, explains that he has done an exhaustive search of Plaintiff medical records but cannot located *any* record of Plaintiff requesting or receiving medical treatment for any injuries he allegedly suffered as a result of having his legs shackled on November 19, 2007. *See* docket entry #38, Ex. 2.

## II. Discussion

Plaintiff alleges that Officer Baker caused him to suffer unnecessary pain and unspecified permanent injuries when he negligently fastened his leg shackles too tightly. *See* docket entry #2. Defendant argues that it is entitled to sovereign immunity on this negligence claim pursuant to the discretionary function exception contained in the FTCA. *See* docket entries #28, #31, and #32. This argument is well taken.

The FTCA is a statutory waiver of the federal government's right to sovereign immunity from suits for damages. *See* 28 U.S.C. § 1346(b)(1); *Johnson v. United States,* 534 F.3d 958, 962 (8th Cir. 2008). Specifically, the FTCA allows plaintiffs to hold the United States vicariously liable for negligent, or otherwise wrongful, acts committed by federal employees in the scope of their employment. *See* 28 U.S.C. § 1346(b), 2671-2680. However, the waiver of sovereign immunity is limited, and those limitations are codified into the exceptions to the FTCA. *Id.*

Specifically, § 2680(a) of the FTCA provides that sovereign immunity is *not* waived for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, *whether or not the discretion involved be abused.* 28 U.S.C. § 2680(a) (emphasis added). This is commonly referred to as the

"discretionary function exception."[4] *See Hinsley v. Standing Rock Child Protective Servs.,* 516 F.3d 668, 672 (8th Cir. 2008). If an act falls into the discretionary function exception, sovereign immunity is not waived, and the court lacks subject matter jurisdiction over the tort claim. *Id.; Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998).

The Supreme Court has developed a two-step test to determine whether the discretionary function exception applies. *See Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). The first inquiry is whether the challenged governmental conduct is "discretionary, involving an element of judgment or choice." *Hinsley*, 516 F.3d at 672-73 (quoting *Berkovitz,* 486 U.S. at 536); *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007) (same). If so, then the analysis proceeds to the next step of the discretionary function analysis. *Id.* In contrast, if a statute, regulation, or policy mandates a specific course of action, the discretionary function exception does not apply, and the plaintiff may proceed with his or her negligence claim. *Id.*

The second inquiry requires that the discretionary decision be based on "considerations of public policy." *Id.* In this respect, the Court must determine whether the decision "is grounded in social, economic, or political policy." *Id.* If the decision is based on any of these policy considerations, the discretionary function exception applies, and the claim is barred. *Id.* Importantly, the Supreme Court has emphasized that: "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, *it must be presumed* that the agent's acts are grounded in policy when exercising

---

[4] In *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988), the United States Supreme Court explained that: "The basis for the discretionary function exception was Congress' desire to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."

that discretion." *United States v. Gaubert*, 499 U.S. 315, 324 (1990) (emphasis added); *see also Dyskstra,* 140 F.3d at 795-96 (8th Cir. 1998) (holding that a prisoner must rebut the presumption that a prison officials' discretionary decision regarding a security matter was grounded in policy considerations).

As to the first step of the *Berkovitz* analysis, BOP Policy Statement 5566.06 ("P.S. 5566.06") *allows*, but does not require, correctional officers to use leg restraints while escorting prisoners out of their cells.[5] *See* docket entry #32, Ex. 1. Specifically, it authorizes officers to use "that amount of force necessary to gain control of the inmate." *Id.* at 2. Additionally, P.S. 5566.06 does not mandate how the leg shackles are to be fastened. Instead, it allows officers to "use sound correctional judgment to ensure unnecessary pressure is not applied to the inmate." *Id*. at 8. Further, P.S. 5566.06 acknowledges that "the proper application of restraints may result in some discomfort."[6] *Id.* Thus, it is clear that Officer Baker had the discretion to determine whether to shackle Plaintiff's legs and how to do so.

As to the second element, Plaintiff has not come forward with *any* evidence to rebut the presumption that Officer Baker's discretionary decisions were grounded in penological policy considerations. To the contrary, P.S. 5566.06 specifically states that its purpose is to "protect and ensure the safety of inmates, staff and others, to prevent serious property damage, and to ensure institution security and good order." *See* docket entry #32, Ex. 1 at 2. After weighing these

---

[5] In contrast, officers are required to use *handcuffs* when transporting prisoners out of their cells. *See* docket entry #32, Ex. 1 (citing BOP Policy Statement 5500.11).

[6] As previously discussed, the parties dispute whether and to what extent Plaintiff was injured by the use of leg shackles. However, that factual dispute is not relevant to the discretionary function analysis, and thus, does not preclude the entry of summary judgment.

important policy considerations, Officer Baker determined that it was necessary to place Plaintiff in leg shackles prior to transporting him out of the low-security building, across a parking lot, and into the medium-security building, where the SHU was located.  As previously discussed, Congress created the discretionary function exception to prevent courts from "second-guessing" such discretionary decision.  *See Berkovitz*, 486 U.S. at 537; *see also Norman v. Schuetzle*, 585 F.3d 1097, 1107 (8th Cir. 2009) (explaining that the courts "give prison officials wide-ranging deference to preserve internal order and discipline and to maintain institutional security"); *Gladson v. Iowa Dept. of Corr.*, 551 F.3d 825, 832 (8th Cir. 2009) (stating that: "We give great deference to the judgment and expertise of prison officials, particularly with respect to decisions that implicate institutional security").

For these reasons, the Court concludes that the discretionary function exception applies to Officer Baker's decision to place Plaintiff in leg shackles and the manner in which he did so. Accordingly, Defendant is entitled to sovereign immunity from Plaintiff's negligence claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (docket entry #28) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this <u>9th</u> day of November, 2010.

                                                              _____
                                                              UNITED STATES MAGISTRATE JUDGE